# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SUSAN TURLEY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:15cv1553 SNLJ |
| JANSSEN RESEARCH & ., DEVELOPMENT LLC, *et al.* | ) |
| Defendants, | ) |

## **MEMORANDUM AND ORDER**

In this case, six plaintiffs claim they were injured by their use of the defendants' blood thinning prescription medication, Xarelto. They filed their lawsuit in the Twenty-Second Judicial Circuit in the City of St. Louis. Three plaintiffs are citizens of Missouri; one is a citizen of Pennsylvania; one is a citizen of Illinois; one is a citizen of North Carolina. The Pennsylvania plaintiff --- William Exline --- shares Pennsylvania citizenship with defendants Janssen Research & Development, LLC, f/k/a John and Johnson Pharmaceutical Research & Development, LLC, Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., Bayer Corporation, and Bayer Healthcare, LLC. Despite that shared citizenship, defendants removed this matter to federal court based upon diversity jurisdiction, arguing in their notice of removal (#1) that

(1) the three non-Missouri-resident plaintiffs have not established that the defendants are subject to personal jurisdiction in Missouri, so their claims may be dismissed, and

(2) this Court has subject matter jurisdiction over the three remaining Missouri resident plaintiffs.

Further, defendants advise that a Multi-District Litigation ("MDL") has been established to address claims against these defendants regarding Xarelto claims alleging severe bleeding or other injuries as a result of taking Xarelto. There are now more than 2,000 actions pending in the MDL. The defendants here seek inclusion of this action in the MDL and request that this action be stayed pending transfer. (#10.) That MDL Court has indicated that it will, sua sponte, issue an order severing individual plaintiffs' claims. Defendants argue that this Court should defer to the MDL Court's processes to ensure that this litigation is managed in a consistent and efficient manner with respect to joinder, severance, and personal jurisdiction.

Defendants contend in their Notice of Removal that the Court should consider the "straightforward" personal jurisdiction question first and should also consider the issue of procedural misjoinder before engaging in the "more involved" subject matter jurisdiction analysis. Defendants maintain that after this Court severs the non-resident plaintiffs' claims for lack of personal jurisdiction or misjoinder, there is complete diversity among the remaining parties. Defendants have also filed a Motion to Stay proceedings in this case pending transfer to the MDL. (#10.)

Plaintiffs have filed a Motion to Remand (#13). Plaintiffs contend that this Court should remand the matter back to state court because complete diversity does not exist, and subject matter jurisdiction is not a difficult question. Rather, plaintiffs suggest, the personal jurisdiction question is a difficult one that should be left for the state court's determination on remand.

With respect to the Motion to Stay, a "putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v.*

*Fresenius Med. Care N. Am., Inc*., No. 4:13-CV-855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc.*, No. 4:12–CV–1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." *Id.* The Motion to Stay will therefore be denied, and the Court will address plaintiffs' Motion to Remand.

This case is very much like *Bradshaw v. Mentor Worldwide, LLC*, No. 4:15-CV-332 SNLJ, 2015 WL 3545192, at *1 (E.D. Mo. June 4, 2015), in which the defendant --- also subject to numerous personal injury lawsuits related to a medical product --- sought to contest personal jurisdiction with regard to the out-of-state plaintiffs. As here, the defendant argued that the out-of-state plaintiffs were not injured in Missouri, nor did activities in Missouri cause their injuries, citing *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). This Court noted that "the proper focus regarding the minimum contacts necessary to create specific jurisdiction is on the relationship among the defendant, the forum, and the litigation," and that "the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* (quoting *Walden v. Fiore*, 134 S.Ct. 115, 1121 (2014) and rejecting defendant's reliance on *Daimler*, 134 S.Ct. 746). As Judge Jackson recently observed under similar circumstances in *Simmons v. Sketchers USA, Inc*., No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015), "defendants are challenging the propriety of joining the non-Missouri plaintiffs' claims into a single action by asserting a procedural challenge to personal jurisdiction." As with the plaintiffs in *Sketchers* and *Bradshaw*, the plaintiffs here have been properly joined

under Federal Rule of Civil Procedure 20(a)(1) because their claims arise out of the same transactions or occurrences and include common questions of law and fact.

Many products liability cases regarding pharmaceuticals or medical devices involve similar arrangements of in-state and out-of-state plaintiffs. *See, e.g.*, *In re Prempro Products Liability Litigation*, 591 F.3d 613, 617 (8th Cir. 2010). The law surrounding jurisdictional matters for these cases is evolving as defendants attempt to address plaintiffs' attorneys' apparent mission to keep these products liability cases in the state court of their choosing. Although the Eighth Circuit has not yet addressed the defendants' personal jurisdiction argument, it has addressed the concept of "misjoined plaintiffs" in the *Prempro* litigation on a motion to remand. As this Court observed in *Bradshaw*, in the *Prempro* case,

> the defendant had removed on the basis that non-diverse plaintiffs had been added for the sole purpose of defeating diversity jurisdiction. *Id.* at 620. Rather than determining the propriety of the fraudulent misjoinder doctrine, the Eighth Circuit concluded that, even if adopted, any such "misjoinder" in that action was not so egregious as to constitute fraudulent misjoinder. *Id.* at 622. The Court noted that, in light of Federal Rule of Civil Procedure 20's joinder standard and the allegations of the defendants' national sales and marketing campaigns, the claims were "logically related." *Id.* at 623. Furthermore, the litigation was likely to contain common questions of law and fact. *Id.* Thus the Eighth Circuit rejected the notion that the plaintiffs were egregiously misjoined. *Id.*

*Bradshaw*, 2015 WL 3545192 at *2 (quoting and citing *Prempro*, 591 F.3d at 620-32). Those same circumstances exist here. Under this binding Eighth Circuit precedent, the Court holds that the plaintiffs here have not been egregiously misjoined, and the motion to remand will be granted for lack of subject matter jurisdiction. *See also, e.g.*, *Couch v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-955-JAR, 2014 WL 3579926 (E.D. Mo. July 21, 2014); *McGee v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-967 SNLJ,

4

2014 WL 2993755, at *3 (E.D. Mo. July 3, 2014); *Spiller v. Fresenius USA, Inc.,* No. 4:13–CV2538 (HEA), 2014 WL 294430 (E.D. Mo. Jan. 27, 2014); *Aday v. Fresenius Med. Care N. Am., Inc.,* No. 4:13–CV–2462 (CEJ), 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care North America, Inc.,* No. 4:13–CV–2468 (TCM), 2014 WL 82195 (E.D. Mo. Jan. 9, 2014); *Atwell v. Boston Scientific Corp.*, No. 4:12-CV-2363 CEJ, 2013 WL 136471, at *3 (E.D. Mo. Jan. 10, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to stay (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for remand (#13) **GRANTED**.

Dated this   23rd   day of December, 2015     .

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE